Ryan C. Wood (SBN 249048)
Law Offices of Ryan C. Wood, Inc.
611 Veterans Blvd. Ste. 218
Redwood City, CA 94063
Telephone: (650) 366-4858
Facsimile: (650) 366-4875

Attorneys for Plaintiff
Jaswinder Kaur

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Jaswinder Kaur,<br><br>Debtor. | Bankruptcy Case No.: 25-22792-A-7<br><br>Adv. Proceeding No.:<br><br>Chapter 7 |
| Jaswinder Kaur,<br><br>Creditor and Plaintiff,<br>vs.<br><br>Harman Singh Grewal, and DOES 1-100 , inclusive,<br><br>Debtor and Defendant. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |

Jaswinder Kaur ("Plaintiff") respectfully files this complaint to determine the dischargebility of Plaintiff's claims against Harman Singh Grewal ("Defendant") pursuant to 11 U.S.C. 523(a)(2)(A) and (B), 523(a)(4) and 523(a)(6).

**I.**

**<u>JURISDICTION</u>**

1. On June 4, 2025, Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of California ("Bankruptcy Petition").

2. One of the debts listed in Schedule F of the Bankruptcy Petition by Defendant is owed to Plaintiff totaling $540,000.00.

3. As of the date of this Complaint the Defendant has not been granted a discharge.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and §523.

5. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(I) and 157(b)(2)(J).

6. Venue is proper pursuant to 28 U.S.C. 1409(a) and this matter arises and is related to Defendant's bankruptcy case. This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Bankruptcy Procedure 7004(f).

## II.

## PARTIES

7. Plaintiff is a judgment creditor and an individual residing in Gridley, California and is the former business partner of the Defendant.

8. On September 13, 2024, the Superior Court for the State of California, County of Solano, Case No. FCS054354, entered a judgment against Defendant totaling approximately $356,206.29. With additional judgment interest since entry of the judgment, the judgment now exceeds $540,000.00 ("Judgment").

## III.

## PLAINTIFF'S STATE COURT LAWSUIT AGAINST THE DENFEDANT AND BACKGROUND

9. Plaintiff was approached by Defendant's father, Sikander Grewal regarding a business opportunity he was creating for his son, the Defendant, to open a Pete's Brewhouse in Antioch, California. The restaurant would need to be built out.
10. Defendant formed HSG Restaurant Group, a California corporation, on February 15, 2015 ("Business"), to contract and open Pete's Brewhouse.
11. The Business began operations in February 2016.
12. Plaintiff agreed to loan Defendant $200,000.00 to use in the Business and pay for construction expenses and applying for a liquor license for the Business ("Loan 2").
13. No part of Loan 2 was paid and is part of the Judgment entered against Defendant.

14. Defendant lied about the state of the Business inducing Plaintiff to loan funds under false pretenses. Defendant lied about the Business' outstanding debt, payments of debts, specifically the cost of construction and the construction contract was not paid with Plaintiff's loans.
15. Defendant misrepresented the amount for the entire build of the Business is $345,00.00. Defendant represented he had $145,000.00 of his own money for construction of the business. That was not true. Plaintiff obtained bank statements showing Defendant actually had no funds for construction at this time.
16. It actually cost over $1 million to build the Business entirely.
17. On October 16, 2017, Plaintiff and Defendant executed a promissory note whereby Plaintiff loaned Defendant $30,000.00, due and payable on April 20, 2018 ("Loan 1").
18. No part of Loan 1 was paid and is part of the Judgment entered against Defendant.
19. Defendant misrepresented the financial health of the Business to induce Defendant to make Loan 1 and Loan 2.
20. Defendant, at the time of entry, misrepresented his ability to obtain additional financing to pay Defendant back for Loan 2.
21. Defendant more or less ran a Ponzi scheme using new money to pay old money.
22. Defendant misled Plaintiff verbally and in writing regarding the use of Loan 1 and Loan 2.
23. If Defendant was truthful about the state of the Business, lack of working capital, and use of funds, Plaintiff would not have loaned the funds to Defendant.
24. Defendant did not use the funds from Loan 1 or Loan 2 for the Business and used the funds for personal use and gave money away to friends and family members instead.
25. Defendant lied about running the Business and eventually abandoned the Business guaranteeing Plaintiff would not be paid by Defendant.
26. Defendant sold the Business alcohol license to a third party without the knowledge and consent of Plaintiff. This caused the Business to lose hundreds of thousands of dollars and not be able to pay Plaintiff.

27. Defendant did not add Plaintiff to the lease and liquor license damaging the Business and Plaintiff as a result.

28. Defendant then closed the Business guaranteeing Defendant would and could not pay Plaintiff.

**IV.**

**FIRST CLAIM FOR RELIEF**

**FRAUD WRITTEN AND VERBAL SECTION 523(a)(2)(A) AND (B)**

29. The Plaintiff repeats, reallege and incorporates as though fully set forth herein, paragraphs 1 through 25.

30. Defendant made multiple verbal and written lies to include Plaintiff to loan Defendant money for the Business.

31. Defendant misrepresented the financial health of the Business to induce the loans.

32. Defendant misrepresented his personal financial health to induce the loans.

33. Defendant misrepresented the total cost to build the Business and Defendant's ability to contribute to the build of the Business.

34. Defendant produced written documentation that was not accurate about the cost of the build of the Business.

35. But for Defendants verbal and written lies, Plaintiff would not have loaned Defendant funds for the Business.

**V.**

**SECOND CLAIM FOR RELIEF**

**WILLFUL AND MALICIOUS INJURY 523(a)(6)**

36. The Plaintiff repeats, reallege and incorporates as though fully set forth herein, paragraphs 1 through 35.

37. Defendant willfully, maliciously and intentionally injured the Plaintiff by transferring loan proceeds from Plaintiff to third-party friends and family members.

38. Defendant willfully and maliciously abandoned the Business the loans were supposed to be used for thereby guaranteeing Plaintiff would not be paid.

39. Defendant knew or should have known with substantial certainty that these acts would injure Plaintiff and Defendant would not be able to pay Plaintiff.

40. There is no excuse or just cause for Defendant embezzling, stealing, converting Plaintiff loan proceeds.

41. Defendant intentionally and maliciously injured Plaintiff by lying about the financial health of the Business and his own financial health to induce Plaintiff to loan funds to Defendant.

42. Defendant knew or should have known with substantial certainty that lying about the financial health of the Business and Defendant's ability to pay back the loan would cause damage to Plaintiff.

43. There is no just cause for Defendant's willful, malicious and intentional injury against the Plaintiff, and therefore Plaintiff seeks a determination that the Plaintiff's claims against the Defendant for this willful and malicious injury are deemed not dischargeable pursuant to 11 U.S.C. 523(a)(6).

## VI.

## THIRD CLAIM FOR RELIEF

## EMBEZZLEMENT/LARCENY/CONVERSION SECTION 523(a)(4)

44. The Plaintiff repeats, reallege and incorporates as though fully set forth herein, paragraphs 1 through 43.

45. Defendant was in charge of running the Business and use of funds loaned to Defendant.

46. Defendant used Plaintiff's loans for improper purposes and embezzled, stole, and converted the funds by paying nonbusiness debts.

47. Defendant wrote checks to friends and family members instead of paying Plaintiff.

48. Plaintiff entrusted Defendant with the loan proceeds and Defendant used the proceeds for purposes other than intended.

49. Defendant's embezzlement, larceny, and conversion of the loan proceeds has created significant financial injury to the Plaintiff, and therefore Plaintiff seeks a determination

that the Plaintiff's claims against the Defendant for his embezzlement, larceny and conversion are deemed not dischargeable pursuant to 11 U.S.C. 523(a)(4).

**VII.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter a Judgment as follows:

On the Claims for Relief I, II and III:

(A) Judgment be entered that Plaintiff's claim for damages against Defendant be deemed not discharged pursuant to 523(a)(2), (4) and (a)(6);

(B) For actual damages in the amount of $540,000.00, plus judgment interest;

(C) For reasonable attorney fees and costs, bill of costs to be filed upon judgment;

(D) For such other relief as the Court may deem just and proper.

Dated: September 9, 2025

Respectfully submitted,

/s/ Ryan Wood

Ryan C. Wood
Attorney for Plaintiff